78 F.3d 602
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Leo J. HOGUE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3017.
 United States Court of Appeals, Federal Circuit.
 Jan. 30, 1996.
 
 Before RICH, Circuit Judge, NIES, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON MOTION
 ORDER
 CLEVENGER, Circuit Judge.
 
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit Systems Protection Board's decision that OPM correctly recomputed Leo J. Hogue's retirement annuity to exclude credit for his post-1956 military service. Hogue has not responded.
 
 
 2
 Hogue served in active military service from 1952 to 1956 and from 1956 to 1964. Hogue was a civilian employee of the government from 1964 to 1985, when he retired at the age of 53. Hogue asserted that he worked part-time for the government as a civilian during his period of post-1956 military service. After retiring, Hogue received an annuity under the Civil Service Retirement Act. When Hogue later became eligible for Social Security benefits, OPM recomputed Hogue's monthly retirement annuity payments, eliminating credit for his post-1956 military service. Hogue appealed to the Board.
 
 
 3
 The Administrative Judge (AJ) found that in the course of processing Hogue's retirement application, OPM had informed Hogue of the deposit option that would entitle him to receive a civil service annuity based on his post-1956 military service in addition to any Social Security benefits for which he might be entitled. See 5 U.S.C. §§ 8332(j), 8334(j). The AJ also found that OPM offered Hogue the opportunity to pay a deposit before the retirement paperwork was completed and that Hogue requested permission to pay the deposit in installments. OPM denied Hogue's installment request, and Hogue informed OPM in writing that he would not pay the deposit. The AJ determined that Hogue's failure to make the deposit was not the result of either administrative error or misleading advice. The AJ also determined that because Hogue's assertion of part-time civilian work did not involve alleged OPM or agency misconduct, it was not a basis for allowing a belated deposit. The AJ thus concluded that OPM correctly recomputed Hogue's retirement annuity. This petition for review followed.
 
 
 4
 This court recently addressed adjustments for post-1956 military service for purposes of annuity recomputation in Collins v. Office of Personnel Management, 45 F.3d 1569 (Fed.Cir.1995). A civil service annuitant who retires after September 7, 1982 is entitled to credit for active duty military service performed after 1956 under both the Civil Service Retirement Act and Social Security system only if he or she deposits with the Civil Service Retirement Fund an amount equal to seven percent of his or her total post-1956 military pay. Collins, 45 F.3d at 1570-71. In Collins, we held that no statute or regulation requires OPM to waive the deposit requirement and an annuitant who at the time of retirement elected in writing not to make such a deposit may later challenge that decision only for mental incompetence, duress, or fraud. Id. at 1573.
 
 
 5
 We agree with OPM that the Board's decision that OPM correctly recomputed Hogue's annuity should be summarily affirmed based on Collins. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994).
 
 
 6
 In his brief, Hogue contends that neither his employing agency nor OPM informed him of the deposit option before his retirement in 1985. Hogue concedes, however, that he was informed of the deposit option at the time of retirement. Hogue does not assert that he was denied the opportunity to make the requisite deposit. The record clearly shows that Hogue was informed of the deposit option and the consequences thereof and declined to make the deposit. As stated in Collins, a retiree's belated realization that the failure to pay the deposit was not a wise economic decision is not a basis for voiding a retiree's freely-made election. Collins, 45 F.3d at 1573.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) OPM's motion for summary affirmance is granted.
 
 
 9
 (2) Each side shall bear its own costs.